IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARDO ALFREDO SANCHEZ,  § | |
| Petitioner, § | |
| § | |
| v.   § | No. 3:17-CV-0294-L (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID   § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. §2254. For the following reasons, the Court recommends that the petition be dismissed.

Petitioner challenges his conviction for aggravated robbery with a deadly weapon. *State of Texas v. Eduardo Alfredo Sanchez*, No. F-11-56520-N (195th Dist. Ct., Dallas County, Tex., Oct. 4, 2012). He was sentenced to 40 years in prison. On July 9, 2013, the Fifth District Court of Appeals affirmed. *Sanchez v. State*, No. 05-12-01416-CR (Tex. App. – Dallas, 2013, pet. ref'd). On November

27, 2013, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 0959-13.

On November 28, 2014, Petitioner filed a state habeas petition. *Ex parte Sanchez*, No. 83,494-01. On September 14, 2016, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On January 24, 2017, Petitioner filed the instant § 2254 petition. He argues:

1. He received ineffective assistance of trial counsel;
2. The evidence was insufficient to support the conviction;
3. The State failed to preserve exculpatory evidence; and
4. He received ineffective assistance of appellate counsel.

II.

**A.    Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On November 27, 2013, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. The conviction became final ninety days later, on February 25, 2014. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until February 25, 2015, to file his federal petition.

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On November 28, 2014, Petitioner filed his first state habeas petition. This petition tolled the limitations period for 657 days, until the state court denied the petition on September 14, 2016. When the limitations period is extended by 657 days, Petitioner's new deadline became December 13, 2016. He did not file his petition until January 24, 2017. His petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must 'examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

4

Here, Petitioner argues he is entitled to equitable tolling because the state court delayed its ruling on his state habeas petition, and because his prison unit was on lockdown. Petitioner's claim for equitable tolling based on the state court's delay in ruling on his habeas petition is without merit. The limitations period was statutorily tolled while Petitioner's state habeas petition was pending. *See* 28 U.S.C. § 2244 (d)(2).

Further, Petitioner's claim that lockdowns prevented his timely filing is without merit because Petitioner failed to show that he diligently pursued his habeas remedies. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755, (2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (stating a habeas petitioner seeking equitable tolling must show he diligently pursued his habeas remedies). Petitioner does not explain why he waited approximately nine months before filing his state habeas petition. After his state habeas petition was denied, he states his prison unit was on lockdown from October 30, 2016, until November 26, 2016, and that he only received case law three times a week from the law library. A one-month lockdown, and inadequacies of the law library, however, are not "rare and exceptional circumstances" justifying equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that temporary denial of access to legal materials, ignorance of the law, and inadequacies of the law library are insufficient to support equitable tolling).

Finally, Petitioner states a lockdown of K Pod at his prison unit began on November 26, 2016, and was still in effect at the time of his January 24, 2017, filing of his § 2254 petition. He claims this lockdown denied him access to the courts and prevented him from obtaining legal assistance. Petitioner has failed to explain how this lockdown prevented access to the courts since Petitioner filed his § 2254 petition during the lockdown. He does not state whether he was housed on K Pod, and he has failed to explain what legal assistance he was denied. He has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. His claim for equitable tolling should be denied.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed April 23, 2018.

_Rebecca Rutherford_
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).