IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARDO ALFREDO SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-0294-L** |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On April 23, 2018, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the petition for writ of habeas corpus be dismissed with prejudice as barred by the one-year statute of limitations.

Petitioner filed objections to the Report in which he contends that the delay in bringing this habeas action was due to lockdowns at the prison, his inability to obtain the necessary postage, and holiday breaks. The court determines that Petitioner's objections are insufficient to overcome the magistrate judge's determinations regarding limitations or equitable tolling. The magistrate judge correctly determined that Petitioner failed to show that he diligently pursued his habeas remedies within the one-year limitation period. Moreover, although Petitioner contends that holiday breaks prevented his timely filing, his deadline to file his petition was December 13, 2016, which is well before holiday season. He did not file his petition until January 24, 2017. Petitioner, therefore, has not established sufficiently "rare and exceptional" circumstances to justify equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, the court **overrules** Petitioner's objections.

**Order –Page 1**

After carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which an objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **dismisses with prejudice** this habeas action as time-barred.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 31st day of July, 2018.

                                                Sam A. Lindsay
                                                United States District Judge